### THIEL v. SCHONZEIT et al.

(Supreme Court, Appellate Division, Second Department. April 28, 1905.)

REAL ESTATE BROKERS—CONTRACT—CONSTRUCTION—QUESTION FOR JURY.

> In an action to recover a broker's commission for the sale of real estate, the contract provided that on a sale the broker should be entitled to a commission of $150, "if title is taken." There was evidence that the broker procured a contract for the purchase of the property at a price satisfactory to defendants. The purchaser did not take title, and defendants urged that fact as a defense. The broker testified that at the time of his employment the defendants had not themselves acquired title, and that the clause, "if title is taken," referred to a conveyance to the defendants by the prior owners. *Held*, that the question of the meaning of the contract was for the jury.

Appeal from Trial Term, Kings County.

Action by Herman Thiel against Harris Schonzeit and another. From a judgment for defendants, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, and HOOKER, JJ.

Joseph Wilkenfeld, for appellant.
Paul M. Abrahams, for respondents.

WILLARD BARTLETT, J. I think that the plaintiff introduced sufficient evidence in support of his alleged cause of action to entitle him to have the case submitted to the jury. He sued, as the assignee of a real estate broker named Max Hausman, to recover commissions for procuring the sale of certain real estate for the defendants. The premises which were the subject of the transaction are known as "No. 1999 Second Avenue," in the borough of Manhattan. The evidence in behalf of the plaintiff tended to show that Hausman procured a man named Kosower to enter into a contract for the purchase of this property at a price satisfactory to the defendants. It appeared upon the cross-examination of Hausman,

however, that he had made the following written agreement with the defendants relative to the sale:

"It is agreed that if the sale of the house, No. 1999 Second avenue, goes into effect, that the broker, Max Hausman, shall be entitled to receive $150, if title is taken, as commission."

Kosower did not take title, and the contention of the defendants on the trial was that his failure to take title deprived the broker of any right to commissions by virtue of the terms of the foregoing written agreement. The broker, Hausman, however, was allowed to give testimony, without objection, explanatory of the agreement, to the effect that at the time of his employment the defendants had not themselves yet acquired title to 1999 Second avenue, and that the clause, "if title is taken," in the written agreement aforesaid, referred to a conveyance to the defendants by the prior owners; the intention being that he did not propose to charge any commission unless the sellers of the property should acquire a title which they could convey to Kosower. At the close of the plaintiff's case, however, the learned trial judge granted a motion to dismiss the complaint, expressing the opinion that the title referred to in the written agreement was the Kosower title, and saying that he thought the explanation offered in behalf of the plaintiff by Hausman, to the effect that the agreement referred to the title to be acquired by the defendants, rather than the Kosower title, was "too far-fetched."

It seems to me that the court erred in thus assuming to decide what was undoubtedly a question of fact in an action at law. It was proper to receive the testimony as to the meaning of the clause concerning the title in the written agreement, under the general rule that, although it is usually the province of the court to construe contracts, yet, where the meaning is obscure, and depends upon facts aliunde, in connection with the written language, the determination of that meaning may properly be left to the jury. First National Bank v. Dana, 79 N. Y. 108, 116, and cases there cited. But, having received oral testimony as to the meaning, the court should not assume to construe the contract as matter of law upon a motion for a nonsuit.

The order for the dismissal of the complaint was made conditional upon a waiver of the costs of the action by the defendants, unless the plaintiff should appeal, in which case the order provided that the defendants were to have their costs. It seems to me quite clear that the court was without authority to impose such a condition as this in an action at law.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur.